{¶ 49} I concur in the majority's analysis and disposition of appellant's second assignment of error.
 {¶ 50} I disagree with the majority's finding with respect to appellant's first and third assignments of error only appellees would be entitled to free gas. Maj. Op., para. 32, 41. While I agree appellant's right to free gas does not derive from paragraph 6 or 7 of the Lawrence lease, when the Lawrence lease is read in conjunction with the consolidation notice, such entitlement exists.
 {¶ 51} The language in the consolidation notice provides ". . . a well commenced upon the lands herein consolidated shall have the same effect as though such well were commenced upon the premises described in each such oil and gas lease, provided that only the owners of the lands on which the well is located shall have the privileges of taking as for use in one dwelling house on said lands in accordance with and subject to the provisions of the lease covering said land" (Emphasis added). Noteworthy is the fact, unlike the reference to a singular owner in the Lawrence lease, the consolidation lease recognizes the right of more than one owner of the lands (plural) in the consolidation development are entitled to free gas.
 {¶ 52} Nonetheless, I agree with the trial court the failure to join REI is fatal to appellant's claim. Accordingly, I concur in the majority's disposition of appellant's first and third assignments of error.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.